# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

CHRISTOPHER EVERETT                                                                          PLAINTIFF
ADC #152664

v.                                            3:20-cv-00243-DPM-JJV

DEXTER PAYNE; *et al.*                                                                      DEFENDANTS

## ORDER

Christopher Everett ("Plaintiff"), incarcerated at the North Central Unit of the Arkansas Department of Corrections, filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He also filed an Application to Proceed Without Prepayment of Fees and Affidavit ("Application"). (Doc. No. 1.)

**I.      APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT**

Plaintiff has made a proper showing required by 28 U.S.C. § 1915(a), and his Application (Doc. No. 1) is GRANTED. Under the Prison Litigation Reform Act ("PLRA"), a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350.00.[1] 28 U.S.C. § 1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his § 1983 claims, and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account. 28 U.S.C.

---

[1]Effective May 1, 2013, the cost for filing a new civil case is $400. The increase is due to a new $50 administrative fee, which does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

§ 1915(b)(4).  **If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350.00 filing fee will be collected, and no portion of this filing fee will be refunded to the prisoner.**

Based on information contained in a certified copy of Plaintiff's Application and Calculation Sheet, the Court does not assess an initial partial filing fee.  Plaintiff will be obligated to make monthly payments in the amount of twenty percent (20%) of the preceding month's income credited to her prison trust account each time the amount in the account exceeds $10.00. Plaintiff's custodian is requested to send to the Clerk of the Court monthly payments from Plaintiff's prison trust account when the amount exceeds $10.00, until the $350.00 statutory filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II.   PLEADINGS

The Court is sensitive to the fact that *pro se* litigants like Plaintiff are not trained in the law and will give deference to a *pro se* plaintiff where the law requires.  However, all parties, including *pro se* litigants, must comply with substantive and procedural law.  *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986).  Accordingly, the Court will only consider claims properly pled in a complaint or in a superseding amended complaint.  Additionally, the Court will not consider claims stated in notices or other pleadings not filed in compliance with the Federal Rules of Civil Procedure.

## III.   LOCAL RULE

Plaintiff must also comply with the Local Rules of the Court.  Of particular note to *pro se* plaintiffs is Rule 5.5(c)(2), which states:

> Parties appearing *pro se.* It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in

his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Loc. R. 5.5(c)(2).

## IV. SERVICE OF DEFENDANTS

All Defendants must be served within 90 days of the filing of the Complaint. This includes "John/Jane Doe" Defendants. It is your responsibility to identify all Defendants, including "Doe" Defendants. When appropriate, the Court will order service on all properly identified Defendants, but you are responsible for providing valid service addresses for each of them. Any Defendant who is not served within 90 days will be dismissed, without prejudice, from the lawsuit. *See* Fed. R. Civ. P. 4(m); *Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993).

## V. CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 1) is GRANTED.

2. As Plaintiff's present custodian, the Warden of the North Central Unit of the Arkansas Department of Corrections, or his designee, or any future custodian, shall collect from Plaintiff's institutional account the $350.00 filing fee by collecting monthly payments equal to 20% of the preceding month's income credited to Plaintiff's account each time the amount in the account exceeds $10.00, and forward the payments to the Clerk of the Court in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk.

The payments forwarded on Plaintiff's behalf shall be clearly identified by the name and number assigned to this action.

3. The Clerk of the Court is directed to send a copy of this Order to the Warden of the North Central Unit of the Arkansas Department of Corrections, 10 Prison Circle, Calico Rock, Arkansas 72519; the ADC Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611; and the ADC Compliance Office, P.O. Box 20550, Pine Bluff, Arkansas 71612.

DATED this 24th day of August 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE