## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

CHRISTOPHER EVERETT                                                                                   PLAINTIFF
ADC #152664

v.                                              3:20-cv-00243-DPM-JJV

DEXTER PAYNE; *et al.*                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS
## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge D. Price Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.   Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.    INTRODUCTION

Plaintiff sued Arkansas Department of Corrections ("ADC") Director Dexter Payne, Disciplinary Hearing Officer Keith Waddle, Disciplinary Hearing Administrator Raymond Naylor, and Warden Jackson in their personal and official capacities.  (Doc. No. 2 at 1-2.) Plaintiff challenges disciplinary proceedings against him along with the punishment he received. According to Plaintiff, Defendant Waddle found Plaintiff guilty of a disciplinary violation without any evidence.  (*Id*. at 4.)   Defendants Jackson, Payne, and Naylor "accepted this no evidence." (*Id*.)   Plaintiff received 90 days in punitive isolation, 180 days restriction, and the loss of 20 days good time.  (*Id*.)  Plaintiff maintains his confinement in punitive where there was no evidence against him constitutes cruel and unusual punishment, as well as a violation of prison rules because he is a seriously mentally ill inmate.  (*Id*.)  Plaintiff asks that the punitive time and restrictions be "taken back" and his good time restored, as well as asking for damages.  (*Id*. at 5, 7.)

As explained below, Plaintiff's claims fail to state a claim on which relief may be granted and should be dismissed without prejudice.

## II.     SCREENING

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."  *Id*.  But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.    ANALYSIS

Plaintiff's Complaint fails to state an official capacity or a personal capacity claim on which relief may be granted.

### A.     Official Capacity Claims

Plaintiff sued Defendants in their personal and official capacities.  Plaintiff identifies all Defendants as officials with the Arkansas Department of Corrections.  Plaintiff's § 1983 damages claims against Defendants in their official capacities are the equivalent of claims against the State

3

of Arkansas and are barred by Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

### B.     Personal Capacity Claims

Plaintiff brought suit under 42 U.S.C. § 1983. To state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### 1.     *Edwards v. Balisok*

In *Heck v. Humphrey*, the United States Supreme Court held that

> to recover damages for allegedly unlawful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. 477, 486-87 (1994).

In *Edwards v. Balisok*, the Supreme Court extended *Heck*'s holding to a claim brought by a state prisoner challenging the disciplinary procedures that led to his loss of good time. 520 U.S. 641 (1997).

A finding in Plaintiff's favor in this case would call into question the validity of his disciplinary, and Plaintiff has not indicated that the disciplinary has been reversed, expunged, or declared invalid. Accordingly, Plaintiff's claim that he was found guilty of a disciplinary violation with no evidence, resulting in the loss of good time (among other punishment), falls within the *Heck/Balisok* bar.

Beyond damages, Plaintiff asks that his good time to be returned. But that relief is available only through a writ of *habeas corpus*; Plaintiff's good time cannot be restored in this § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

### 2.    **Cruel and Unusual Punishment**

Plaintiff says his placement in punitive "for no reason" is cruel and unusual punishment. I interpret this as Plaintiff contesting the disciplinary proceedings. His challenge to the disciplinary proceedings is, as mentioned above, barred by *Heck/Balisok*. To the extent Plaintiff alleges 90 days in punitive isolation constitutes cruel and unusual punishment, that alone does not amount to punishment as prohibited by the Eighth Amendment. *See Jones v. Mabry,* 723 F.2d 590, 594–95 (8th Cir. 1983); *Brown v. Nix,* 33 F.3d 951, 955 (8th Cir. 1994) (nine years in administrative segregation not cruel and unusual punishment).

I note Plaintiff raised Eighth Amendment claims about his punitive isolation in another case he filed recently in this Court: *Everett v. Richard*, 3:20-cv-220-DPM-JJV. In that case, I directed service of Plaintiff's conditions of confinement and deliberate indifference to serious medical needs claims on several defendants; that case is ongoing.

### 3.    **Violation of Prison Policy**

Plaintiff asserts that by housing him, a person who suffers from serious mental illness, in a one-man cell, Defendants are in violation of prison policy. (Doc. No. 2 at 4.) The failure to follow prison policy without more, however, does not rise to the level of a constitutional violation.

5

*Prow v. Roy*, 717 Fed. Appx. 649, 650 (8th Cir. 2018) (per curiam) (*citing Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) and *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 2003), among others). Plaintiff did not provide any further allegations of fact from which I can conclude any Defendant acted in a way that violated Plaintiff's federally-protected rights. (Doc. No. 2.)

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 24th day of August 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."